IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SERGIUS SHEAKLEY,

    Petitioner,

    v.

MERRICK B. GARLAND,

    Respondent.[1]

Case No. 3:24-cv-00203-SLG

## ORDER OF DISMISSAL

On September 13, 2024, Sergius Sheakley, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241. Mr. Sheakley seeks to challenge the dismissal of a post-conviction application ("Application") under Rule 35.1 of Alaska Criminal Procedure.[2] He alleges he filed the Application on August 12, 2024, but on August 16, 2024, it was not accepted by the state court.[3] Mr. Sheakley alleges that as a state prisoner he was (1) denied his First Amendment right to speech and Fifth Amendment right to counsel, because he was not allowed to appeal his ongoing criminal case; (2) subjected to double jeopardy; (3) denied due process by pre-indictment delay; (4) subjected to

---

[1] The Court notes that Merrick Garland is not a proper respondent in this case. The proper respondent in a proceeding governed by Section 2241 is the superintendent of the facility where the petitioner is held. *See* Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; Local Habeas Corpus Rule 1.1(c)(2).

[2] Docket 1 at 2.

[3] Docket 1 at 2.

violations of Alaska Rules of Criminal Procedure 5, 43(b), and 45; and (5) denied access to the courts.[4] For relief, Mr. Sheakley requests that this Court "accept refusal of Post-Conviction of Relief of Conviction or Sentence (Criminal Rule 35.1), and dismiss Indictment with Prejudice for violation of Double Jeopardy pursuant to U.S. – Russian Treaty 'Treaty of Cession[.]'"[5]

The Court takes judicial notice of Mr. Sheakley's state court criminal case in *State of Alaska v. Sergius Alex Sheakley*, Case No. 3AN-14-10533CR.[6] The Alaska Superior Court entered a final judgment after a sentencing hearing on September 13, 2024.[7]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[8] A court must "promptly examine" a habeas petition.[9] "If it plainly

---

[4] Docket 1 at 6–8.

[5] Docket 1 at 8.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[7] *State of Alaska v. Sergius Alex Sheakley*, Case No. 3AN-14-10533CR ("Events: 09/13/2024 Sentencing: Superior Court, Case Disposed" & docket entry dated 09/13/2024 "Judgment and Order of Commitment/Probation."). The Court further notes that Mr. Sheakley filed this Petition the same day as his sentencing. Docket 1.

[8] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[9] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts. (The same procedural rules for 28 U.S.C. § 2254 govern 28 U.S.C. § 2241; *see* Local Habeas Corpus Rule 1.1(c)(2)).

Case No. 3:24-cv-00203-SLG, *Sheakley v. Garland*
Order of Dismissal
Page 2 of 5
Case 3:24-cv-00203-SLG     Document 6     Filed 11/12/24     Page 2 of 5

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Upon screening, it plainly appears that Mr. Sheakley is not entitled to habeas relief pursuant to § 2241, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[10] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[11] Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[12] "[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition."[13]

This Court's "authority to grant habeas relief to state prisoners is limited by [28 U.S.C.] § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"[14]

---

[10] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[11] *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[12] 28 U.S.C. § 2241(c)(3).

[13] *Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) (internal quotations omitted).

[14] *Felker v. Turpin*, 518 U.S. 650, 662 (1996).

Case No. 3:24-cv-00203-SLG, *Sheakley v. Garland*
Order of Dismissal
Page 3 of 5
Case 3:24-cv-00203-SLG    Document 6    Filed 11/12/24    Page 3 of 5

Among the requirements of § 2254 is the directive that a post-conviction state prisoner must exhaust all available state court remedies prior to seeking habeas relief from a federal court.[15]

Mr. Sheakley was sentenced by the state court on September 13, 2024. As such, he is no longer a pre-trial detainee and a petition under 28 U.S.C. § 2241 is no longer maintainable. Mr. Sheakley may pursue a direct appeal of his state court conviction to the Alaska Court of Appeals and Alaska Supreme Court.[16] If his direct state appeals do not grant him relief, Mr. Sheakley may pursue post-conviction relief from the Alaska Superior Court, and, if unsuccessful, may appeal any adverse determination to his post-conviction relief application to the Alaska Court of Appeals and the Alaska Supreme Court.[17] Only after exhausting all available state remedies, he may file a petition for habeas corpus with this Court under 28 U.S.C. § 2254.[18] 28 U.S.C. § 2254 is the proper avenue for a convicted state prisoner to challenge his conviction based on alleged constitutional violations in federal court.[19]

---

[15] 28 U.S.C. § 2254(b)(1)(A).

[16] In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[17] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845; *see* Alaska Criminal Rule 35.1.

[18] 28 U.S.C. § 2254(c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

[19] 28 U.S.C. § 2254(a).

Case No. 3:24-cv-00203-SLG, *Sheakley v. Garland*
Order of Dismissal
Page 4 of 5
Case 3:24-cv-00203-SLG    Document 6    Filed 11/12/24    Page 4 of 5

For the foregoing reasons, Mr. Sheakley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is not procedurally proper, because Mr. Sheakley is no longer a pre-trial detainee but is instead in state custody pursuant to a state court conviction. Therefore, Mr. Sheakley's petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[20]

DATED this 12th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] 28 U.S.C. §2253(c)(1)(A). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court.").